UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-96-FDW

| | |
|---|---|
| AKINSANYA IDRISSA EL, <br> *Authorized Representative ex rel. Carl* <br> *Lorice Brewton,* <br><br> **Plaintiff,** <br><br> vs. <br><br> **SUPERIOR COURT JUDGE BEVERLY T. BEAL,** *Judge*, <br> **EDWIN D. CLONTZ,** *Magistrate*, <br> **CHRIS S. EBY,** *Detective, C.S. #2603-APD*, <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), on Plaintiff's Motion/Request for Entry of Default, (Doc. No. 6), and on Plaintiff's Motion for Default Judgment, (Doc. No. 7).

### I.      BACKGROUND

Pro se Plaintiff is a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. North Carolina Department of Public Safety records show that on January 26, 1995, Petitioner was convicted in Buncombe County Superior Court of first-degree murder and was sentenced to life imprisonment. The North Carolina Supreme Court affirmed Petitioner's conviction and sentence on March 8, 1996. State v. Brewton, 342 N.C. 875 (1996). In this action, filed under 42 U.S.C. § 1983, Plaintiff is challenging his conviction based on his contention that he is being incarcerated unlawfully

because he is a Moorish American National.[1]  Specifically, he alleges:

1. On November 2, 1993 [Defendant Eby] filed a criminal complaint against this Plaintiff, profiled as a "black" person, stating that I was in violation of North Carolina General Statute 14-17 which is conflicting state law.

2. On November 2, 1993 the Warrants Nos. 93CRS065018 and 93CRS065019 were issued at 1657 and 1659 hrs. respectively by Magistrate Edwin D. Clontz for the arrest of this Plaintiff with a 'man-of-straw' misnomer word, misrepresented as implying my name, and typed upon the Instruments, and was improperly spelled 'CARL LORICE BREWTON' in ALL CAPITAL LETTERS.

3. On November 23, 1993 the unconstitutional warrants were sustained by the State of North Carolina Superior Court of Buncombe County.

(Doc. No. 1 at 4). Plaintiff has named as Defendants Beverly T. Beal, a Buncombe County Superior Court judge at all relevant times; North Carolina magistrate Edwin D. Clontz, a state magistrate at all relevant times; and Chris S. Eby, a detective with the Asheville Police Department at all relevant times. As a remedy, Petitioner seeks the enforcement of "The Divine Constitution and By-Laws of the Moorish Science Temple of America," as well as other documents purportedly defining his rights as a Moorish American. (Id. at 8). He also seeks to have this Court as well as the named Defendants "view" him as a Moorish American National. (Id. at 9).

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

---

[1]  The caption in the Complaint described this action as a "Civil Habeas Corpus Averment of Jurisdiction," and the action was docketed in this Court as a habeas petition filed under 28 U.S.C. § 2254. In his response to the Court's order to submit a trust fund account statement, Plaintiff indicated that he intended to bring this action as a civil rights action brought under 42 U.S.C. § 1983. He also refused to submit his inmate trust fund account statement, claiming that this Court's "demand for a trust fund account statement is used as an instrument to deny due process of law and my right to free access to the courts." (Doc. No. 8 at 9).

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Court dismisses this action with prejudice. Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous. See Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous.") (unpublished) (collecting cases). Furthermore, the Court notes that, as judicial officers, Defendants Beal and Clontz both enjoy judicial immunity. Stump v. Sparkman, 435 U.S. 349 (1948) (state court judges are absolutely immune from damages for acts performed in their judicial capacities); Timmerman v.

Brown, 528 F.2d 811 (4th Cir. 1975) (state magistrate has immunity from damages in connection with issuance of warrants). Finally, the Court further observes that, to the extent that Plaintiff is attempting to bring a claim that, if successful, would invalidate his state court conviction, this action is barred under the principles announced in Heck v. Humphrey, 512 U.S. 477 (1994).

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court dismisses this action with prejudice as frivolous.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review. Despite that the Court is dismissing this action, Plaintiff is still required to pay the full filing fee of $350.00, with periodic payments to be deducted from his inmate trust account. The Clerk of this Court shall enter the appropriate order for such deductions.

2. This action is **DISMISSED** with prejudice as frivolous.

3. Plaintiff's Motion/Request for Entry of Default, (Doc. No. 6); and Plaintiff's Motion for Default Judgment, (Doc. No. 7), are **DENIED** as moot.

4. The Clerk is directed to rename this action on the docket as a civil action brought under 42 U.S.C. § 1983 and then close this case.

Signed: June 23, 2014

Frank D. Whitney
Chief United States District Judge